UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SANTOS GUILLERMO
VILLANUEVA FUNES,

    Petitioner,

v.

KRISTI NOEM,
*Secretary of Homeland Security,
U.S. Department of Homeland Security,*
TODD LYONS,
*Acting Director, U.S. Immigration and
Customs Enforcement,*
JEREMY BACON,
*Director, Baltimore ICE Field Office, U.S.
Immigration and Customs Enforcement,* and
PAMELA BONDI,
*Attorney General, U.S. Department of Justice,*

    Respondents.

Civil Action No. 25-3860-TDC

## MEMORANDUM OPINION

Petitioner Santos Guillermo Villanueva Funes ("Villanueva Funes"), who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondents Secretary of Homeland Security Kristi Noem; Acting Director of United States Immigration and Customs Enforcement ("ICE") Todd Lyons; Director of the ICE Baltimore Field Office Jeremy Bacon; and Attorney General Pamela Bondi. In the Petition, Villanueva Funes seeks release from custody or a bond hearing because he is not properly subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b), such that his present detention violates his right to due process of law under the Fifth Amendment to the United States Constitution. With their Answer to the Petition, Respondents have filed a Motion to Dismiss.

Upon review of the submitted materials, the Court finds that no hearing is necessary. *See*; Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be DENIED, and the Petition will be GRANTED.

## BACKGROUND

Villanueva Funes is a citizen and national of El Salvador who entered the United States without inspection in or around 2003. In the intervening two decades, Villanueva Funes made his way to Maryland and presently resides there. He has no prior arrests or criminal convictions that warrant mandatory detention pursuant to 8 U.S.C. § 1225(c).

On November 22, 2025, Villanueva Funes was arrested by ICE agents near a Home Depot after a random vehicle stop. Villanueva Funes was taken into ICE custody and was issued a Notice to Appear in removal proceedings ("NTA") pursuant to section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a. The NTA alleges that Villaneuva Funes is an alien present in the United States who was not lawfully admitted after inspection by an immigration officer and lacks a valid visa or entry permit, such that he is subject to removal from the United States pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). The NTA further provides that Villanueva Funes is presently scheduled to appear in the Immigration Court in Hyattsville, Maryland on February 26, 2026.

Since his arrest, Villanueva Funes has been detained without a bond hearing. On November 24, 2025, while detained at the ICE Field Office in Baltimore, Maryland, Villanueva Funes filed the present Petition for a Writ of Habeas Corpus with this Court. Villanueva Funes was subsequently transferred to the Karnes County Immigration Processing Center in Karnes City, Texas. According to Respondents, Villanueva is subject to mandatory detention pursuant to 8 U.S.C. 1225(b) because he is an inadmissible alien.

## DISCUSSION

In the Petition, Villanueva Funes alleges that he is being unlawfully detained because he is not subject to mandatory detention under 8 U.S.C. § 1225(b), that he may be detained only pursuant to 8 U.S.C. § 1226(a), which requires that he receive a bond hearing, and that his present detention violates his right to due process of law under the Fifth Amendment to the Constitution. Villanueva Funes seeks a declaratory judgment to this effect, an order that Respondents must provide him with a bond hearing pursuant to § 1226(a) and release him upon payment of a bond ordered by an immigration judge, and the costs of his suit. Respondents argue that the Petition should be dismissed because this Court lacks jurisdiction to review Villanueva Funes's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9), and because Villanueva Funes is correctly subject to mandatory detention under § 1225(b).

### I.  8 U.S.C. § 1252(e)(3)

As a threshold issue, Respondents argue that this Court lacks jurisdiction to review Villanueva Funes's detention based on 8 U.S.C. § 1252(e)(3), which provides that:

> Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—
>
> **(i)** whether such section, or any regulation issued to implement such section, is constitutional; or
>
> **(ii)** whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3)(A). Based on this provision, Respondents argue that the Villanueva Funes's claims may be asserted only in the United States District Court for the District of Columbia. This argument fails because this provision necessarily applies only to systemic challenges to § 1225(b) rather than to an individual legal challenge to misclassification of a petitioner as subject to

mandatory detention. First, § 1252(e)(3) is entitled "Challenges on validity of the system." *See* 8 U.S.C. § 1252(e); *Dubin v. United States*, 143 S. Ct. 1557, 1567 (2023) ("This Court has long considered that '"the title of a statute and the heading of a section" are "tools available for the resolution of a doubt" about the meaning of a statute.'" (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998))). Notably, where the statute specifically provides that the deadline for filing an action under § 1252(e)(3) is 60 days after the date that "the challenged section, regulation, directive, guideline, or procedure . . . is first implemented," it is evident that this subsection is intended to address only systemic challenges, specifically, claims that the statute, a regulation, or one of these agency-issued guidance documents is unconstitutional or violates the law. *See* 8 U.S.C. 1252(e)(3)(B). Other courts have found that 1252(e)(3) is so limited to systemic challenges. *See e.g.*, *Barros v. Noem*, No. EP-25-CV-488-KC, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025); *Ardon-Quiroz v. Assistant Field Director*, No. 25-cv-25290-JB, 2025 WL 3451645, at *2–3, (S.D. Fla. Dec. 1, 2025); *Bartolon v. Bondi*, No. 25-cv-747, 2025 WL 3674604, at *5 (S.D. Ohio Dec. 18, 2025); *cf. United States v. Barragan-Camarillo*, 460 F. App'x 637, 639 (9th Cir. 2011) (stating that "systemic constitutional challenges to the expedited removal statute or its implementing regulations are governed by 8 U.S.C. § 1252(e)(3) and may be brought in limited circumstances in the United States District Court for the District of Columbia" but nevertheless reviewing an as-applied challenge to a criminal defendant's own expedited removal order).

Second, this reading is bolstered by consideration of the entirety of 8 U.S.C. § 1252. *See Davis v. Mich. Dep't of the Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). Specifically, 8 U.S.C. § 1252(a)(2)(A) explicitly

bars judicial review of "any individual determination" or "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)"; "a decision by the Attorney General to invoke the provisions of such section"; or the "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1)," all subject to an exception "as provided in subsection (e)." 8 U.S.C. §§ 1252(a)(2)(A)(i), (ii), (iv). These provisions, along with the title of 8 U.S.C. § 1252(e) which reads "Judicial review of orders under section 1225(b)(1)," collectively demonstrate that the purpose of § 1252(e) generally, and § 1252(e)(3) specifically, is to provide limited exceptions to a general bar on judicial review of determinations under § 1225(b)(1). Thus, § 1252(e)(3) is necessarily applicable only to systemic challenges, because individual challenges to determinations under § 1225(b)(1) are otherwise addressed in the general bar on judicial review set forth in § 1252(a)(2).

Finally, consideration of 8 U.S.C. § 1252(a)(2)(A) further illustrates that § 1252(e)(3) does not bar a petitioner's individual legal challenge to his classification as subject to mandatory detention under § 1225(b)(2) because there is no comparable general bar on judicial review of such determinations. A close reading of § 1252(e)(3) reveals that it provides an affirmative grant of authority for judicial review of specified challenges to the United States District Court for the District of Columbia. The bar on judicial review of individual determinations is set forth in § 1252(a)(2)(A) but applies only to those issued under § 1225(b)(1). Had Congress intended to impose such a bar in relation to § 1225(b)(2), it could have and would have included it within § 1252(a)(2)(A). Thus, the general reference in § 1252(e)(3) to § 1225(b), rather than § 1225(b)(1) specifically, is fairly read as permitting the specified systemic challenges to any part of § 1225(b) in an action in the United States District Court for the District of Columbia without barring an individual legal challenge to detention under § 1225(b)(2) such as that of Villanueva Funes.

Because Villanueva Funes does not assert a systemic challenge to § 1225(b) or its implementation and instead challenges only the lawfulness of his own mandatory detention under § 1225(b)(2), § 1252(e)(3) does not apply.

## II. 8 U.S.C. § 1252(g)

Next, Respondents argue that this Court lacks jurisdiction to adjudicate Villanueva Funes's Petition based on 8 U.S.C. § 1252(g), entitled "Exclusive jurisdiction," which provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

The United States Supreme Court has held that 8 U.S.C. § 1252(g) "applies only to three discrete actions": the "decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. American-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 482 (1999). In a previous case, this Court thoroughly analyzed § 1252(g) in light of *AADC*, concluded that it "bars only challenges to 'the Attorney General's decision to exercise her discretion to initiate or prosecute these specific stages in the deportation,'" and held that it did not bar a challenge to whether the failure to provide a noncitizen faced with removal to a third country with a review of a negative reasonable fear determination by an immigration judge was unlawful because it did not challenge the discretionary authority to execute a removal order. *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886, at *6–7 (D. Md. Oct. 7, 2025). The Court incorporates that analysis by reference. *See id.*

Although Respondents argue that Villanueva Funes's detention arises from the decision to commence removal proceedings against him, such a broad reading of § 1252(g) would ignore the

Supreme Court's conclusion that "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *AADC*, 525 U.S. at 482. Because Villanueva Funes does not challenge any of the three discrete events specified in § 1252(g), and instead solely challenges his continued detention absent a bond hearing, § 1252(g) does not bar review of the Petition. The Court therefore agrees with the numerous federal district courts which have held that § 1252(g) does not bar a legal challenge, such as that asserted by Villanueva Funes, to his classification as subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See e.g.*, *Leal-Hernandez v. Noem*, No. 25-cv-02428-JRR, 2025 WL 2430025, at *5 (D. Md. Aug. 24, 2025); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651 (E.D. Va. 2025); *Luna Quispe v. Crawford*, No. 25-cv-1471-AJT-LRV, 2025 WL 2783799, at *3 (E.D. Va. Sept. 29, 2025).

### III.   8 U.S.C. § 1252(b)(9)

Finally, Respondents argue that this Court lacks jurisdiction to review Villanueva Funes's detention based on 8 U.S.C. § 1252(b)(9), entitled "Consolidation of questions for judicial review," which provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Respondents asserted this exact argument in a recent case before this Court involving a substantially identical claim that the petitioner was unlawfully subjected to mandatory detention under 8 U.S.C. 1225(b). *See Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042, at *3–

7

4 (D. Md. Oct. 21, 2025). In *Maldonado*, this Court rejected this argument and concluded that a petitioner's challenge to detention during the pendency of immigration proceedings does not seek judicial review of a question of law or fact "arising from" an "action taken or proceeding brought to remove an alien from the United States," such that § 1252(b)(9) is inapplicable. *Id.* The Court incorporates by reference its analysis on this issue in *Maldonado* and concludes for the same reasons that § 1252(b)(9) does not bar review of Villanueva Funes's Petition. *See id.*

### IV. Mandatory Detention

In the Petition, Villanueva Funes argues that his detention violates the Fifth Amendment because he has been improperly subjected to mandatory detention under 8 U.S.C. § 1225(b), and he has been deprived of a bond hearing with an immigration judge as required before the issuance of an order of detention pursuant to 8 U.S.C. § 1226(a). Respondents argue that Villanueva Funes is properly subject to mandatory detention pursuant to § 1225(b).

The Court addressed this exact same argument in *Maldonado* and concluded that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b). *See Maldonado*, 2025 WL 2968042, at *8. In turn, the Court concluded that the mandatory detention of such an individual pursuant to § 1225(b), and without a bond hearing, violates due process. *See id.* at *9–10. The Court incorporates that detailed analysis by reference. *Id.* at *5–10.

Here, Villanueva Funes's Petition presents a nearly identical factual situation to that at issue in *Maldonado* in that Villanueva Funes has been present in the United States for years, is not subject to mandatory detention based on criminal history, has not attempted to acquire legal entry or status, and was not actively doing so at the time of his detention. Thus, the Court's analysis in

*Maldonado* applies to the present Petition. Accordingly, for the same reasons, the Court concludes that Villanueva Funes is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Villanueva Funes without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *9–10.

The Court will therefore deny the Motion to Dismiss and grant the Petition.

## CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss will be DENIED, and Villanueva Funes's Petition for a Writ of Habeas Corpus, will be GRANTED as specified in the accompanying Order.

Date: January 13, 2026

THEODORE D. CHUANG
United States District Judge